UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-61514-Civ-Huck/O'Sullivan

ELBA BRYANT,

    Plaintiff,

v.

CAB ASSET MANAGEMENT, LLC,

    Defendant.
_____/

## BRIEF IN SUPPORT OF PLAINTIFF'S VERIFIED MOTION FOR AN AWARD OF COSTS AND ATTORNEY FEES

**I.    PROCEDURAL HISTORY**

On August 18, 2010, Plaintiff, Elba Bryant, filed her Complaint (DE 1) alleging that Defendant, CAB Asset Management, LLC, violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

    1.    Defendant offered to resolve Plaintiff's FDCPA claim only by paying Plaintiff $1,001.00 plus attorney fees and costs. On December 3, 2010, the parties submitted their Joint Stipulation of Dismissal (DE 12). On December 6, 2010, the Court entered an Order of Dismissal, (DE 13), dismissing Plaintiff's claims under the FDCPA with prejudice and reserving jurisdiction over the matter of Plaintiff's attorney's fees and costs.

Accordingly, Plaintiff is the prevailing party in this action and Plaintiff now seeks a judgment for attorney's fees and costs.

## II.     STATEMENT OF FACTS

2. In this litigation, Plaintiff was represented by Donald A. Yarbrough. Mr. Yarbrough has expended a total of 4.02 hours on behalf of Plaintiff. See Declaration of Donald A. Yarbrough in Support of Plaintiff's Motion for Award of Costs and Attorney's Fees, accompanying this Motion. An itemized account is contained in the Declaration of Donald A. Yarbrough in Support of Plaintiff's Motion for Award of Costs and Attorneys' Fees. Thus the attorney fees Plaintiff seeks are appropriate to the litigation of the FDCPA claim. These hours would have been incurred even in the absence of the FCCPA claim.

The hourly rate for the services provided by Donald A. Yarbrough is $350.00 per hour. The reasonable attorney fee for the services of Donald A. Yarbrough in this matter is $1,407.00 (4.02 hours x $350/hour).

Mr. Yarbrough incurred costs and litigation expenses of $405.00 in prosecution of this matter. See Declaration of Donald A. Yarbrough in Support of Plaintiff's Motion for Award of Costs and Attorneys' Fees. The costs incurred would be no different had the case not alleged violation of the FCCPA.

Under the FDCPA, a prevailing Plaintiff is entitled to attorney fees and costs incurred in the litigation of this Motion for Attorney Fees and Costs, and, accordingly, Plaintiff will file a supplemental Declaration once Defendant has filed its opposition and Plaintiff has filed her reply detailing the additional time spent on the litigation of this motion.

Plaintiff respectfully requests that this Court award reasonable attorney fees for the services of Plaintiff's counsel in the amount of $1,407.00 and costs of $405.00 for a total of $1,812.00.

## III.  STATEMENT OF QUESTION PRESENTED

Is Plaintiff entitled to an award of reasonable attorney's fees and costs?  Plaintiff respectfully submits that this question should be answered in the affirmative.

## IV.  ARGUMENT

### A.  PLAINTIFF WAS SUCCESSFUL IN THIS ACTION.

The Fair Debt Collection Practices Act requires the payment of costs and reasonable attorney fees to a successful consumer.

> . . . any debt collector who fails to comply with any provision of this subchapter . . . is liable to such person in an amount equal to the sum of--[actual damages] [statutory damages] and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. §1692k(a)(3).

Regarding the FDCPA, Plaintiff has obtained the maximum amount of statutory damages to which she is entitled. Accordingly her recovery has been excellent. In this case, Plaintiff sought statutory damages only, not actual damages.

In litigation pursuant to the Fair Debt Collection Practices Act, the Second Circuit stated "the award of attorney's fees to Plaintiff for a debt collector's violation of "any provision" of the FDCPA is mandatory" *Pipiles v. Credit Bureau of Lockport, Inc.*, 886

F.2d 22, 28 (2d Cir. 1989), citing *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2d Cir. 1989).  "Under the Fair Debt Collection Practices Act ("FDCPA"), the prevailing Plaintiff is entitled to `a reasonable attorney's fee as determined by the court.' 15 U.S.C. §1692k(a)(3).  Such an award is mandatory under the FDCPA." *Edwards v. National Business Factors, Inc.*, 897 F.Supp. 458, 459 (D.Nev. 1995) (citations omitted). As the prevailing party in this case Plaintiff is entitled to an award of costs and reasonable attorney fees.  *Thorpe v. Collection Information Bureau, Inc.*, 963 F.Supp. 1172, 1174 (S.D.Fla. 1996).

Given the structure of the section, attorney fees should not be construed as a special or discretionary remedy, rather, the Act mandates an award of attorney fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).  *In re Martinez*, 266 B.R. 523, 537 (Bankr.S.D.Fla. 2001) *aff'd* 271 B.R. 696 (S.D.Fla. 2001). See also, *DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235 (1st Cir. 1990).

    **B.**    **PLAINTIFF'S ATTORNEY IS TO BE AWARDED FEES PURSUANT TO THE LODESTAR FORMULA.**

The U.S. Supreme Court has explained the calculation for an award of attorney fees:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  The calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

*Hensley v. Eckerhart*, 461 U.S. 424, 433; 103 S. Ct. 1933, 1939; 76 L. Ed. 2d 40 (1983). Also, see: *Thorpe v. Collection Information Bureau, Inc.*, supra at 1174. Although this decision, and others cited hereinafter, arise in the context of the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988, these criteria are equally applicable here. "The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a `prevailing party.' " *Hensley v. Eckerhart,* supra at 1939, n.7. "We have stated in the past that fee-shifting statutes' similar language is `a strong indication that they are to be interrupted alike." *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754; 109 S. Ct. 2732, 2735 n.2.; 105 L. Ed. 2d 639 (1989) (quoting *Northcross v. Memphis Bd. of Education*, 412 U.S. 427, 428; 93 S. Ct. 2201, 2202; 37 L. Ed. 2d 48 (1973)). The multiplication of the reasonable number of hours expended times the reasonable hourly rate is referred to as the "lodestar." *Resolution Trust Corp. v Hallmark Builders, Inc.*, 836 F.2d 114, 1147 (11th Cir. 1993); *Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995); *Thorpe v. Collection Information Bureau, Inc.*, supra at 1174.

      Donald A. Yarbrough's time in this litigation totaled 4.02 hours. The hours Plaintiff seeks are appropriate to the litigation of the FDCPA claim. These hours would have been incurred even in the absence of the FCCPA claim. This amount of time is reasonable. The reasonable hourly rate for Mr. Yarbrough's services is $350.00 hour. For approximately the last 6 years Mr. Yarbrough has sought and been awarded $300.00 per

hour in numerous cases. He is now in his twelfth year of practice as an attorney. He was recently awarded $350.00 per hour in a number of cases: *Frank Manfred II v Vision Credit Solutions, LLC*, Case No.: 10-60620-Civ-Cohn/Seltzer (S.D. Fla January 5, 2011); *Kenyatta L. Thomas v Superior Recovery Services and Associates, Inc.*, Case No.: 09-82290 Civ-Ryskamp/Vitunic (S. D. Fla. October 25, 2010); *Crescenzo v Law Offices of Douglas R. Burgess, LLC.*, Case No.: 09-61456 Dimitrouleas/Snow (S.D.Fla. October 15, 2010), in which Magistrate Judge Snow found that the rate of $350.00 per hour is "within the range of rates charged in the South Florida community for similar services by lawyers of reasonably comparable skills, experience and reputation."; *Bradley R. Karns v Prime Asset Recovery, Inc et al.*, Case No.: 09-61689-Civ-Dimitrouleas/Snow (S. D. Fla. August 24, 2010); *Drossin v Nation Action Financial Services, Inc.*, Case No.: 07-61873 Dimitrouleas/Snow (S.D.Fla. 2009). The cases in which he has been awarded $300.00 per hour are: *Lawrence M. Sclafani v I. C. System, Inc.*, Case No.: 09-60174-Civ-Huck/O'Sullivan (S. D. Fla. March 18, 2010); *Monica A. Harmon v Retrieval Masters Creditors Bureau, Inc d/b/a American Medical Collection Agency*, Case No.: 07-80777-Civ-Middlebrooks/Johnson (S.D.Fla., March 25, 2009); *S. James Wallace v Collection Information Bureau, Inc.*, Case No.: 07-80941-Civ-Hurley/Hopkins (S.D.Fla., October 9, 2008); *Monica I. Barreras v. Viking Collection Service, Inc*., Case No.: 05-61855-Civ-Marra/Seltzer (S.D.Fla., March 10, 2008); *Jennifer I. Scott v. Commonwealth Financial Systems, Inc.,* Case No.: 07-21192-Civ-Cooke/Brown (S.D.Fla., February 19, 2008); *Ruth*

*V. Koku v. Educational Computer System, Inc.,* Case No.: 07-61231-Civ-Lenard/Torres (S.D.Fla., January 30, 2008); *Clifford J. Cideko v. Trans National Credit Corporation*, Case No.: 06-61606-Civ-Cohn/Snow (S.D.Fla., July 27, 2007); *Cathi A. Guidara-Fiano, et al.  v The Law Offices of Jason J. Evans, P. C.,* Case No.: 07-60227-Civ-Hurley/Hopkins (S.D.Fla., October 1, 2007); *Lori A. Bloomer v. Creditors Collection Services, Inc.*, Case No.: 06-61264-Civ-Seitz/McAliley (S.D.Fla., July 5, 2007); *Carolynne F. Williams v. Sun Asset Management, LLC,* Case No.: 07-60057-Civ-Ungaro/ O'Sullivan (S.D.Fla., May 14, 2007); *Wayne E. Small v. Absolute Collection Service, Inc.,* Case No.: 04-61196-Civ-Jordan/Brown (S.D.Fla. March 22, 2006); *Sharon A. Campbell v. Credigy Services Corp*., Case No.: 05-61539-Civ-Marra/ Seltzer (S.D.Fla. February 2, 2006); *James V. Facciolo, III, v. Arent*, Case No. 03-61679-Civ-Dimitrouleas/ Torres (S.D.Fla., June 9, 2004).

3. The lodestar calculation for the services of Donald A. Yarbrough in this matter is $1,407.00 (4.02 hours x $350/hour). Mr. Yarbrough's firm also incurred $405.00 as costs and expenses of this litigation.

Thus, the total lodestar calculation for the award of attorneys' fees to the Plaintiff is $1,407.00 and costs of $405.00 for a total of $1,812.00.

### C.   THE LODESTAR MAY NOT BE REDUCED DUE TO THE AMOUNT OF THE JUDGMENT.

Plaintiff seeks an award of attorneys' fees based upon the lodestar formula. The Defendant may, however, suggest that a lesser amount is appropriate.

### 1. Previously Established Rates Are Appropriate for Plaintiff's Counsel.

The U.S. Supreme Court has stated: "The statute and legislative history establish that `reasonable fees' under §1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether Plaintiff is represented by private or non-profit counsel." *Blum v. Stenson*, supra, 465 U.S. at 895, 104 S. Ct. at 1547 (footnote omitted).  "In order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases . . . Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Tolentino v. Friedman*, 46 F.3d 645, 652-653 (7th Cir. 1995).

The Seventh Circuit reversed a District Court's denial of attorney's fees even though the Plaintiff only recovered $100.00 ($50.00 each) as FDCPA statutory damages and remanded for determination of an award of attorney fees. *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164 (7th Cir. 1997).  Of course, the amount of reasonable attorneys fees awarded pursuant to the FDCPA is left to the sound discretion of the judge. *Schimmel v. Slaughter*, 975 F.Supp. 1481, 1484 (M.D.Ga. 1997).

### 2. The Award of Attorneys' Fees Is Not Limited by the Amount of Damages.

As long as the Plaintiff is successful, i.e., recovers more than nominal damages, the Plaintiff should be awarded attorneys fees pursuant to a lodestar calculation. In this

case, Plaintiff recovered the maximum amount of statutory damages to which he is entitled under the FDCPA, which is all he sought in the litigation.

"In the absence of any indication that Congress intended to adopt a strict rule that attorney's fees under §1988 be proportionate to damages recovered, we decline to adopt such a rule ourselves." *City of Riverside v. Rivera*, 477 U.S. 561, 581; 106 S. Ct. 2686, 2697; 91 L. Ed. 2d 466 (1986) (footnote omitted). Also see: *Quaration v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999); *Zagorski v. Midwest Billing Services, Inc.*, supra. The benefits to the public as a whole resulting from lawsuits which encourage compliance with statutory provisions are more important than relatively small damage awards. Indeed, when a provision for counsel fees is included in a regulatory act, it is a recognition that enforcement of the statute would be unlikely if an individual had to pay his or her own attorney fees. The Court quoted Senator Tunney's remarks in the Congressional Record:

> If the citizen does not have the resources, his day in court is denied him; the congressional policy which he seeks to assert and vindicate goes unvindicated; and the entire nation, not just the individual citizen, suffers.

*City of Riverside v. Rivera*, supra at 477 U.S. at 575, 106 S. Ct. at 2694 (citation omitted).

The Third Circuit amplified this thought stating:

> Congress provided fee shifting to enhance enforcement of important civil rights, consumer-protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated.

*Student Public Interest Research Group v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3d Cir. 1988).  "Congress has relied on such Plaintiffs to act as private attorneys general."  Id., at 1450 n.13.  Also see *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991);  *In re Martinez*, supra at 537.

The amount of damages awarded often has borne no relation to the amount of attorney fees granted.  "[A]ttorney's fees awarded by District Courts have `frequently outrun the economic benefits ultimately obtained by successful litigants.'"  *Evans v. Jeff D.*, 475 U.S. 717, 735; 106 S. Ct. 1531, 1541; 89 L. Ed. 2d 747 (1986) (citation omitted).  Upon finding a statutory violation and damages, the attorney fees award should be made in the lodestar amount.  *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996).

For example, in *Wayne E. Small v. Absolute Collection Service, Inc.,* Case No.: 04-61196-Civ-Jordan/Brown (S.D. Fla. 2006) the Court awarded attorney fees of $38,678.00 where the Plaintiff recovered statutory damages of $1,000.00 for violation of the Fair Debt Collection Practices Act and $1,000.00 for violation of the Florida Consumer Collection Practices Act. The Southern District of Florida affirmed the Bankruptcy Court's award of attorney fees of $29,037.50 where the Plaintiff recovered FDCPA statutory damages of only $1,000.00  *In re Martinez*, supra at 544 *aff'd* 271 B.R. 696 (S.D.Fla. 2001). In *Gradisher v. Check Enforcement Unit, Inc.*, 2003 U.S. Dist. LEXIS 753 (W.D.Mich., Jan. 22, 2003), $77,680.44 was awarded although the Plaintiff recovered only $1,000.00.  In *Armstrong v. The Rose Law Firm, P.A.*, 2002 WL

31050583 (D.Minn., Sept. 5, 2002), the District Court approved the award of $43,180.00 in attorney fees where the Plaintiff recovered $1,000.00 in statutory damages. In *Perez v. Perkins*, 742 F.Supp. 883 (D. Del. 1990), the District Court awarded $10,110.00 in attorney fees where the Plaintiff's recovery was only $1,200.00.

### D. PLAINTIFF'S ATTORNEY IS ENTITLED TO AN AWARD OF COSTS AND LITIGATION EXPENSES

Plaintiff has requested the award of costs and litigation expenses in addition to an award of attorneys' fees.

The FDCPA grants the successful Plaintiff "the costs of the action." 15 U.S.C. §1692k(a)(3). The costs incurred were necessary to the litigation.

Thus, the Plaintiff's litigation expenses and costs are compensable.

### E. PLAINTIFF SEEKS AN AWARD OF ATTORNEYS' FEES FOR TIME EXPENDED IN THE LITIGATION OF THIS MOTION.

The Declaration submitted by Plaintiff's attorney details the costs and time expended in this litigation but not the fees and costs incurred in bringing this motion. Plaintiff requests leave to file a supplemental Declaration detailing the time expended in the litigation of this Motion. An award of fees is appropriate for the time expended in pursuing a Motion for an Award of Attorney Fees. See *Khalilah M. Mendez v. Allied Interstate, Inc.*, Case No.: 07-22516-Civ-King/Bandstra (S.D.Fla., April 16, 2008); *Monica I. Barreras v. Viking Collection Service, Inc.*, Case No.: 05-61855-Civ-Marra/Seltzer (S.D.Fla., October 23, 2007); *Wayne E. Small v. Absolute Collection Service, Inc.,* Case No.: 04-61196-Civ-Jordan/Brown (S.D. Fla. 2006); *Lund v. Affleck*,

11

587 F.2d 75 (1st Cir. 1978); *Gagne v. Maher*, 594 F.2d 336 (2d Cir. 1979); *David v. City of Scranton*, 633 F.2d 676 (3d Cir. 1980); *Tyler Business Servs., Inc. v. N.L.R.B.*, 695 F.2d 73 (4th Cir. 1982); *Johnson v. State of Miss.*, 606 F.2d 635, 638 (5th Cir. 1979); *Weisenberger v. Huecker*, 593 F.2d 49 (6th Cir. 1979); *In re Burlington N., Employment Practices Litig.*, 832 F.2d 430 (7th Cir. 1987);  *Jordan v. Multnomah County*, 815 F.2d 1258, 1264 (9th Cir. 1987).  Plaintiff's counsel will submit a Supplemental Declaration for an Award of Attorney Fees incurred in the litigation of this motion.

## VII.  CONCLUSION

Based upon the lodestar calculation, attorney fees should be awarded to Plaintiff's counsel in the amount of $1,407.00 and costs of $405.00 for a total of $1,812.00.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-61514-Civ-Huck/O'Sullivan

ELBA BRYANT,

    Plaintiff,

v.

CAB ASSET MANAGEMENT, LLC,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 10, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        s/Donald A. Yarbrough
                                        Donald A. Yarbrough, Esq.

## SERVICE LIST

Mr. Dale T. Golden, Esq.
Golden & Scaz, PLLC
201 North Armenia Avenue
Tampa, FL 33609
Telephone: 813-251-5500
Facsimile: 813-251-3675

Via Notices of Electronic Filing generated by CM/ECF