UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61514-CIV-HUCK/O'SULLIVAN

ELBA BRYANT,

    Plaintiff,

v.

CAB ASSET MANAGEMENT, LLC,

    Defendant.

_____/

## REPORT & RECOMMENDATION

THIS CAUSE is before the Court on the Plaintiff's Verified Motion for an Award of Costs and Attorney's Fees (DE # 14). This matter was referred to United States Magistrate Judge John J. O'Sullivan pursuant to 28 U.S.C. § 636(b)(1) and the Magistrate Rules of the Local Rules of the Southern District of Florida by the Honorable Paul C. Huck. (DE # 18.) Having carefully considered the pertinent filings, the record and the applicable law, the undersigned respectfully recommends that Plaintiff's Verified Motion for an Award of Costs and Attorney's Fees (DE # 14) be **GRANTED in part and DENIED in part** as more fully discussed below.

## BACKGROUND

This lawsuit alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* (hereinafter "FCCPA"). The plaintiff seeks

1

attorney's fees and costs pursuant to the FDCPA. (DE # 14 at 5-6; DE # 21 at 1.) The FDCPA requires payment of costs and reasonable attorney fees to a successful consumer. *See* 15 U.S.C. § 1692k(a)(3).

The plaintiff's complaint was filed on August 18, 2010. (DE # 1.) On December 3, 2010, the parties submitted their joint Stipulation for Dismissal. (DE # 12.) On December 6, 2010, the Court entered its Order on Joint Stipulation of Dismissal dismissing with prejudice the plaintiff's FDCPA claims, dismissing without prejudice the plaintiff's FCCPA claims and reserving jurisdiction to award the plaintiff reasonable attorney's fees and costs under the FDCPA. (DE # 13.) The plaintiff was ordered to file a motion no later than January 10, 2011 if the parties were not able to come to an agreement regarding attorney's fees and costs. *Id.*

On January 10, 2011, the plaintiff filed her Verified Motion for an Award of Costs and Attorney's Fees pursuant to 15 U.S.C. § 1692 *et seq.* seeking reimbursement for 4.02 hours of attorney time at an hourly rate of $350.00 for a total of $1,407.00 in fees and $405.00 in costs for service of process and filing fees. (DE # 14 at 6.) In support of the motion for fees and costs, the plaintiff submitted a declaration of the plaintiff's attorney, Donald A. Yarbrough (hereinafter "Attorney Yarbrough") and a supplement to the declaration which include Attorney Yarbrough's time records and documents substantiating costs incurred in the case.  (DE # 16-1; DE # 16-2; DE # 21-1.) The supplement to the declaration sets out additional attorney's fees incurred for work associated with the instant motion for fees and costs which entail 2.99 hours of attorney time at an hourly rate of $350.00 for a total of $1,046.50. (DE # 21 at 1.) The plaintiff also filed the declaration of Scott D. Owens, an attorney whose practice primarily entails

consumer debt collection defense, in support of her motion for fees and costs. (DE # 17.) The defendant filed a response on February 1, 2011. (DE # 19.) The defendant's response does not dispute the plaintiff's entitlement to fees and costs but argues that the plaintiff is entitled to a reduced amount. *Id.* The plaintiff filed her reply on February 10, 2011. (DE # 20.) On March 30, 2011, the defendant filed supplemental authority in support of its response. (DE # 22.)

## ANALYSIS

### I. Attorney's Fees

The methodology to determine reasonable attorney's fees begins with a calculation of the "lodestar," which is the product of the reasonable hourly rate multiplied by the reasonable number of hours expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The resulting fee carries a "strong presumption" that it is reasonable. *Blum v. Stevenson*, 465 U.S. 886, 897 (1984). This lodestar amount may then be adjusted upward or downward based upon other considerations. *Hensley*, 461 U.S. at 463-37.

#### A. Reasonable Hourly Rate

The plaintiff seeks an hourly rate of $350.00 for Attorney Yarbrough. (DE # 14 at 5.) The defendant objects to this hourly rate as excessive and suggests an hourly rate of $300.00. (DE # 19 at 7.) Attorney Yarbrough lists cases in which he was the counsel and the hourly rates he was awarded in those cases. (DE # 16 at 5-6.) The undersigned finds that there is no support for the $350.00 hourly rate requested as the case was not novel or difficult. The FDCPA authorizes a reasonable attorney's fee as determined by

the Court. *Hollis v. Roberts*, 984 F.2d 1159, 1161 (11th Cir. 1993). The undersigned finds that a rate of $300.00 per hour for Attorney Yarbrough to be reasonable. The Court may use its own experience in assessing reasonableness and may form an independent judgment either with or without witnesses. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

B. Reasonable Number of Hours Expended

The undersigned must next evaluate the plaintiff's requested fee for reasonableness in terms of the total hours expended by the plaintiff's counsel. *See Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994) (the burden rests on the moving party to submit a request for fees that will enable the court to determine what time was reasonably expended). The plaintiff requests compensation for a total of 7.01 hours of work performed by her attorney in this matter. (DE # 14 at 5; DE # 21 at 1.) The defendant objects to the request for fees for the number of hours expended. The defendant argues that the plaintiff should only recover for attorney time billed until its September 2, 2010 settlement offer because the plaintiff is not entitled to recover attorney's fees and costs incurred after the defendant offered the plaintiff the full amount of statutory damages recoverable under the FDCPA. (DE # 19 at 2-6.) The undersigned finds that the plaintiff may recover for attorney time spent and billed after the September 2, 2010 offer, because the undersigned finds that until Judge Huck issued his ruling on the $1001.00 award, attorney's fees were properly accruing. Furthermore, the plaintiff is entitled to recover attorney fees associated with the instant motion for fees and costs. *See Thompson v. Pharmacy Corp.*, 334 F.3d 1242, 1245

4

(11th Cir. 2003) (district court abused discretion in declining to award attorney's fees for all time expended in effort to recover such fees); *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1309-10 (11th Cir. 2001) ("A prevailing party is entitled to reasonable compensation for litigating a [fee] award."); *Barreras v. Viking Collection Serv., Inc.*, No. 05-61855-CIV-Marra/Seltzer (S.D. Fla. Sept. 19, 2007) (DE # 44) ("'a successful plaintiff in a Fair Debt Collection Practices Act case is entitled to an award of attorneys' fees and costs for the fees and costs incurred with respect to the litigation of plaintiff's motion for fees and costs.'" (quoting *Small v. Absolute Collection Serv., Inc.*, No. 04-61196-Jordan/Klein (S.D. Fla. Jan. 17, 2006) (DE # 85))). Accordingly, the number of hours should not be reduced to those billed until the defendant's September 2, 2010 offer.

The defendant further argues, without prejudice to the argument that the plaintiff is only entitled to attorney time and costs billed through September 2, 2010, that the attorney time and costs should be reduced by one-half, because the plaintiff is only entitled to recover fees and costs on one of the claims presented. (DE # 19 at 7-8.) The defendant argues that while the FDCPA and FCCPA claims are somewhat similar, they have distinct elements of proof. *Id.* In support of this notion, the defendant quoted the following from *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983):

> In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants-often an institution and its officers, as in this case-counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved. The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate

>lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim.

*Hensley*, 461 U.S. at 434-35 (internal quotation and citation omitted). However, the *Hensley* Court went on to state the following:

>In this case the District Court . . . declined to divide the hours worked between winning and losing claims, stating that this fails to consider "the relative importance of various issues, the interrelation of the issues, the difficulty in identifying issues, or the extent to which a party prevails on various issues." Record 220. . . . Given the interrelated nature of the facts and legal theories in this case, the District Court did not err in refusing to apportion the fee award mechanically on the basis of respondents' success or failure on particular issues. . . . Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.

*Hensley*, 461 U.S. at 438-39. The undersigned finds that a one-half reduction of the attorney's fees is not appropriate due to the interrelatedness of the facts and legal theories with respect to the plaintiff's FCCPA and FDCPA claims.

In sum, the undersigned finds that the requested number of hours (7.01) at an hourly rate of $300.00 for a total fee amount of $2,103.00 is reasonable and respectfully recommends that the plaintiff be awarded this amount in attorney's fees.

**II. Costs**

The plaintiff requests costs in the amount of $405.00. (D.E. # 14 at 6.) The FDCPA permits the successful plaintiff to recover "the costs of the action." 15 U.S.C. § 1692k(a)(3). Federal Rule of Civil Procedure 54(d)(1) also provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the

court otherwise directs." A "prevailing party," for purposes of the rule, is a party in whose favor judgment is rendered. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). This means the party who won at the trial level, whether or not that party prevailed on all issues and regardless of the amount of damages awarded. *Id.* The plaintiff prevailed in the present case on the FDCPA claims. The plaintiff is entitled to receive all costs that are recoverable under 28 U.S.C. § 1920 (hereinafter "§ 1920"). A judge or clerk of any court of the United States may tax as costs the following:

>  (1) Fees of the clerk and marshal;
>
>  (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>  (3) Fees and disbursements for printing and witnesses;
>
>  (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>  (5) Docket fees under section 1923 of title 28; and
>
>  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of title 28.

28 U.S.C. § 1920. In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs. However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in § 1920. *See E.E.O.C. v. W&O, Inc.*, 213 F. 3d 600, 620 (11th Cir. 2000).

A. <u>Fees of the Clerk</u>

The plaintiff seeks to recover $350.00 in filing fees. (DE # 16-2 at 2.) This cost is permitted under 28 U.S.C. § 1920.  The defendant seeks to reduce this cost by one-half. (DE # 19 at 8.) The plaintiff argues that this cost would have been incurred regardless of whether the plaintiff alleged violations of the FCCPA. (DE # 14 at 6.) The undersigned finds that a reduction is not warranted and that the plaintiff should be awarded $350.00 for this cost.

B. <u>Fee for Service of Process</u>

The plaintiff requests $55.00 in costs for service of process. (DE # 16-2 at 4-5.) This cost is permitted under 28 U.S.C. § 1920 and is reasonable. *See W&O, Inc.*, 213 F.3d at 624. The defendant seeks to reduce this cost by one-half. (DE # 19 at 8.) The plaintiff argues that this cost would have been incurred regardless of whether the plaintiff alleged violations of the FCCPA. (DE # 14 at 6.) The undersigned finds that a reduction is not warranted and that the plaintiff should be awarded $55.00 for this cost.

In sum, the undersigned finds that the requested costs are permissible under statute and respectfully recommends that the plaintiff be awarded the requested costs in the amount of $405.00.

## **CONCLUSION**

In accordance with the above, the undersigned hereby

**RECOMMENDS** that the plaintiff's Verified Motion for an Award of Costs and Attorney's Fees (DE # 14) be **GRANTED in part and DENIED in part**.  The

undersigned recommends that the plaintiff's motion be granted with respect to the requests for compensation for 7.01 hours of attorney time and $405.00 in costs but denied with respect to the requested hourly rate of $350.00. The undersigned recommends that the plaintiff be awarded fees for 7.01 hours of attorney time at $300.00 per hour for a total of $2,103.00 in attorney's fees and $405.00 in costs.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F. 2d 745, 750 (11th Cir. 1988). *See also Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida, this 6th day of April, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge Huck
All counsel of record